**NOT FOR PUBLICATION**

FEB 21 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERNELL EVANS, | No. 10-17169 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00098-SI |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, DBA Fedex Express, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted January 11, 2012[**]
San Francisco, California

Before: NOONAN and M. SMITH, Circuit Judges, and RAKOFF, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

Pernell Evans, an Operations Manager at FedEx's San Leandro facility, filed suit alleging race discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, et seq. After a jury trial, the district court granted FedEx's renewed motion for judgment as a matter of law, and Evans timely appealed. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's decision to grant a motion for judgment as a matter of law, *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997), and we affirm because we conclude that "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006).

As to the retaliation claim, Evans alleges that he was subject to four adverse actions. The two corrective action notices were not adverse employment actions. These notices did not materially alter the terms and conditions of Evans's employment, and they were not reasonably likely to deter Evans or other employees from engaging in protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Assuming arguendo that the other two actions – the Survey Feedback Action Memo and the shift change – were adverse

2

actions, Evans failed to show a causal link between those adverse actions and his protected activities. In particular, Evans failed to show that similarly situated individuals were treated differently from him. *See Brooks v. City of San Mateo*, 229 F.3d 917, 929 (9th Cir. 2000). The district court correctly concluded that FedEx was entitled to judgment as a matter of law on this claim.

The district court also correctly granted judgment as a matter of law on Evans's disparate treatment claim. Evans seeks to show disparate treatment by pointing to the more favorable treatment of similarly situated individuals outside of his protected class. Even if Evans had asserted this claim with respect to all four allegedly adverse actions,[1] and even if all four actions had been materially adverse, Evans failed to show that similarly situated individuals outside of his protected class were treated more favorably with respect to any of the four actions.

**AFFIRMED.**

---

[1] In his briefs, Evans only relies on the June 2002 corrective action notice and the SFA quarterly reports when discussing his disparate treatment claim.